By the registry act it is enacted that no conveyance or bill of sale for land other than mortgages shall be good and available in law unless the same be registered within twelve months. By section 7 of the same act it is enacted that every mortgage of lands, tenements, goods, or chattels, which shall be first registered, shall be taken and held to be the first mortgage, any former or other mortgage not before registered notwithstanding, unless such prior mortgage be registered within fifty days after the date. And the subsequent acts of the Legislature giving further time for the registration of deeds and mesne conveyances; apply not to mortgages; they were left under the sole operation of the act of 1715, until the passage of the act of 1820, which does not affect this case. The totally different phraseology used in the two sections of the act, requires that a different construction should be put upon them. Deeds for theconveyance of lands that is, not mortgages, pass no title until duly registered within a prescribed time, but when so registered they relate back to their date and pass title therefrom; but in regard to mortgages nothing is said as to their inefficiency unless registered within a prescribed time only, that is, a registered mortgage shall be held the first mortgage unless a prior mortgage shall be registered within (523) fifty days of its date. And in Cowan v. Green, ante, 384, a subsequent purchaser is viewed as a subsequent mortgagee, and so may, I think, any other subsequent encumbrancer. A mortgage, therefore, not registered within *Page 293 
fifty days of its date has no relation back at all, yet it operates from its registration; there being no law saying unless registered within a particular time it shall pass no title, as there is in the case of absolute deeds. An unregistered mortgage, therefore, the fifty days having expired, may be considered as a mortgage without date, having efficacy from its registration only, and I think registration gives it efficacy from that period, not because I can find any act of the Legislature expressly authorizing such mortgages to be registered, but because there is no act prohibiting it. And section 7 of the act before mentioned speaks of their registration within fifty days of their date, and of course gives to them when so registered relation to that period, and principally because the words of the act are that the first registered mortgage shall be deemed the first mortgage; which clearly implies that the first executed mortgage was not then registered, for if it had been the second mortgage could not have been the first registered mortgage; both of which requisites to wit, that the first mortgage should not have been registered within fifty days, and that the latter should be the first registered mortgage, must concur, otherwise the preference was not accorded to it. It is plain from this that the Legislature contemplated the registration of mortgages after the fifty days had expired, and gave to them a priority over mortgages then unregistered, unless such unregistered mortgage should itself be registered within fifty days; for there it is admitted that the spirit of the act would give a priority to the second mortgage from the time of its date.
The creditor Hargrave, having reduced his demand to a judgment and taken out execution, which bound the property of McCulloch from its teste (Green v. Johnson, ante, 309), nay more, having delivered it to the sheriff, became an encumbrancer within the principle (524) held in Cowan v. Green, ante, 384, and the mortgage to Davidson, being at that time unregistered, and if registered afterwards, operating only from its registration, must be postponed to Hargrave's prior lien. The sheriff was therefore justifiable in seizing the property to satisfy Hargrave's debt. The rule for a new trial must be made absolute.
TAYLOR, C. J., concurs.
PER CURIAM. New trial.
There was another case before the Court, between the same parties, which resembled the first in all respects except that Cowan, the plaintiff in the execution, had credited McCulloch before the execution of the mortgage. *Page 294